UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN DWAYNE BAKER, <br><br> Plaintiff, <br><br> v. <br><br> GARY BASS, et al., <br><br> Defendant. | CASE NO. 2:22-cv-01478-JHC-BAT <br><br> **REPORT AND RECOMMENDATION** |

Nathan Dwayne Baker, a prisoner at the South Correctional Entity,[1] filed a *pro se* 42 U.S.C. § 1983 complaint against Defendants Judge Gary Bass, Clerk of Court Anthony Boyd, Jr. Deputy Clerk of Court Julia Brown, and defense counsel Jeff MacDaniels. Dkt. 1 and 6. Plaintiff also submitted an application to proceed *in forma pauperis* (IFP) which indicates he is incarcerated, has no income and no assets. The clerk deemed the IFP application deficient because Plaintiff did not attach a prison trust account. Dkt. 7. Because these Defendants are immune from suit, the Court recommends the complaint be DISMISSED prejudice and strike the issue of proceeding IFP as moot.

---

[1] Plaintiff's complaint was mailed in an envelope marked "Inmate mail sent from a correctional facility." *See* Dkt. 1 at 7.

REPORT AND RECOMMENDATION - 1

# DISCUSSION

## A. Legal Standards

The Court must screen complaints filed by detainees such as Plaintiff under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a § 1983 complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, Plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).

**B.     The Complaint**

The complaint alleges:

> King County Auburn Washington May 3, 2022 I was arrested because someone told people a person made a half a trillion dollar request loudly 5/3/21 and I never. I know Muckleshoot Tribe do not have 500 billion dollars I would never ask for. May 3 2022 nightfall. No police report, no victim, no witness, no trail [sic], no request for evaluation, no 911 APB call, no federal public defender in jail on five month. Gum dieses [sic] fear never getting out of jail, no family no homes no residences, jail time, Western State Hospital, jail time, hurt feelings, violation constitution, no graduation, covid 19, treatment maximum custody. $1,000 each from all defendants for every day in jail. My Muckleshoot Tribe per capital back all five years all of my residents address with satellite security with internet have to pays ever all Muckleshoot address. And all of my winnings Muckleshoot Casino back 2008, 2009, 2010 years to be addressed by titles I earned. Commander in Chief.

*Id.*

The Court holds Plaintiff's *pro se* complaint to less stringent standards than pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But this rule "applies only to a plaintiff's factual allegations," *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989), and the Court's "liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Under this standard, the complaint fails to state a claim upon which relief may be granted and should be dismissed.

First, Plaintiff sues Judge Gary Bass. Judges are absolutely immune from causes of actions regarding judicial acts taken within the jurisdiction of their courts. Plaintiff appears to sue Judge Bass because Plaintiff is facing criminal charges and was ordered detained. Judge Bass has absolute judicial immunity because issuing detention orders, setting bail and setting a trial date are acts performed within the judge's judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12

(1991); see *Stump v. Sparkman*, 435 U.S. 349 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985).

Plaintiff also sues the Clerk of Court and a Deputy Clerk of Court. As officers of the court, court clerks, "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). The complaint appears to be based upon the fact Plaintiff is facing criminal charges and in custody. The complaint presents no facts showing the Court Clerks actions are not an integral part of the judicial criminal law process, and the Clerks are thus immune from suit.

And lastly, Plaintiff sues his defense counsel. Appointed counsel acting in their role as advocate, are not state actors who can be sued under § 1983. *See Georgia v. McCollum*, 505 U.S. 42, 53 (1992). An appointed lawyer does not act under color of state law because his or her conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor. *See Polk County v. Dodson*, 454 U.S. 312, 321 (1981). Assuming Plaintiff is suing his appointed defense lawyer over the representation that defense counsel is providing Plaintiff in his pending criminal case, defense counsel is immune from suit.

REPORT AND RECOMMENDATION - 4

Plaintiff is also barred from suing counsel if he retained counsel. *See Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977) (retained counsel did not act under color of state law). Sylvester's representation of Plaintiffs in dependency proceedings did not make her a "state actor" for purposes of § 1983; *Jensen v. Douglas*, 393 Fed. Appx. 458, 458 (9th Cir. 2010) (private attorney appointed by court to represent plaintiff in dependency proceedings not state actor under § 1983).

In sum, the Court recommends dismissing the complaint because Plaintiff is suing a Judge, Court Clerks, and defense counsel as it relates to his arrest, court proceedings, detention and quality of the representation defense counsel is providing. Plaintiff's complaint hinges on actions the defendants engaged in during Plaintiff's judicial proceedings and as such, each of the named defendants is immune from Plaintiff's § 1983 suit. The Court accordingly recommends the complaint be DISMISSED with prejudice. The Court also recommends leave to amend the complaint be denied. To the extent Plaintiff's current suit focuses on the actions of defendants as it relates to his on-going criminal prosecution and detention, any amendment would be futile. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect."). The Court also recommends striking as moot the issue of whether Plaintiff may proceed IFP if it dismisses the matter.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **November 25, 2022.** The Clerk should note the matter for **November 25, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 9th day of November, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge